**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **CORNELL ABRAMS** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | **NO. 12-3225** |
| | : | |
| **CAROLYN W. COLVIN,** | : | |
| **Acting Commissioner of the Social** | : | |
| **Security Administration** | : | |

## ORDER

**AND NOW**, this 16th day of May, 2013, upon consideration of the Plaintiff's Brief and Statement of Issues in Support of Request for Review (Document No. 14), the defendant's response (Document No. 17), the Report and Recommendation of United States Magistrate Judge David R. Strawbridge (Document No. 19), the Plaintiff's Objections to the Report and Recommendation (Document No. 22), and after a thorough and independent review of the record, it is **ORDERED** as follows:

1.    The plaintiff's objections are **OVERRULED**;

2.    The Report and Recommendation is **APPROVED** and **ADOPTED**;[1] and

---

[1] Magistrate Judge Strawbridge's review and analysis of the record are thorough and detailed. His conclusions and recommendations are well-reasoned and thoughtful. Therefore, we adopt his report and recommendation.

Because the Magistrate Judge did not explicitly address the plaintiff's contention that two of the ALJ's findings contradicted each other, we have considered this argument and conclude that it is meritless. Specifically, the plaintiff argued that the ALJ's own finding that Abrams' medically determinable impairment of COPD "could reasonably be expected to cause the alleged symptoms" could not be reconciled with the ALJ's explanation for rejecting Dr. Sfedu's opinion that the plaintiff's COPD limited him to standing or walking for less than one hour per work day as "unsupported by the medical record of evidence." Pl.'s Request for Review at 8-9. Although he did not expressly explain how the two findings are not contradictory, the Magistrate Judge appears to have considered this argument indirectly. For the plaintiff's benefit, we now specifically explain why these findings are not contradictory.

At step four of the five-step sequential disability evaluation, the ALJ must perform a two-part analysis. In the first part, the ALJ must determine whether there is an underlying "medically determinable impairment," an impairment that can be shown by "medically acceptable clinical and laboratory diagnostic techniques" and "*could reasonably be expected to produce* the pain or other symptoms alleged." 20 C.F.R. § 416.929(a), (b) (emphasis added). In this case, the ALJ's first finding that the medically determinable impairment of COPD could reasonably be expected to cause the plaintiff's alleged symptoms was made at the first part of this two-

3.    The plaintiff's Request for Review is **DENIED**.


                                              /s/ Timothy J. Savage
                                              TIMOTHY J. SAVAGE, J.

---

part analysis.  R. at 15-16.

        If the ALJ determines that the claimant has shown that he has an underlying medically determinable physical impairment that could reasonably be expected to produce his symptoms, he or she must then determine the extent to which the claimant's symptoms *actually limit* his ability to work.  This analysis involves evaluating the intensity, persistence and limiting effects of the plaintiff's symptoms, and considering the extent to which the symptoms can be accepted as consistent with the objective medical evidence and other evidence of record.  Where the symptoms are not substantiated by objective medical evidence, the ALJ must evaluate the plaintiff's credibility in light of the entire case record.  20 C.F.R. § 416.929(a), (c)(1).  The ALJ made his second finding that Dr. Sfedu's opinion regarding plaintiff's one-hour limitation on walking and standing was unsupported by the medical evidence after he engaged in the second part of this two-part analysis.  R. at 16-17.  Thus, applying the two-part inquiry, the ALJ first makes a general finding whether the impairment could *plausibly cause* the plaintiff's claimed disability; and, if so, he then examines whether the impairment *in fact caused* the claimed disability.

        The ALJ's findings are not contradictory.  They were made after engaging in the two analyses required under the Social Security Administration's regulatory scheme.  The ALJ reached the first finding, the general one, by determining that the plaintiff's medically determinable physical impairment of COPD could reasonably *be expected to produce his alleged symptoms and limitations*.  The ALJ made the second finding, specific to the plaintiff, after considering the extent to which the plaintiff's symptoms *actually limit* his ability to work.  After evaluating the credibility of the plaintiff's subjective symptoms in conjunction with the objective medical evidence and other evidence of record, the ALJ found that the plaintiff's complaints were not credible because his only complaint about the COPD was dysypnea upon exertion, and that was the only evidence Dr. Sfedu cited in reaching his opinion that plaintiff could stand or walk only one hour per work day.  As part of that analysis, the ALJ found that Dr. Sfedu's opinion about the one-hour limitation was "unsupported by the medical evidence."

        Although the Magistrate Judge did not specifically compare the two findings of the ALJ "side-by-side," he implicitly considered whether the findings were contradictory by addressing every material aspect required to do the comparison.  The Magistrate Judge noted the plaintiff's argument that the ALJ's two findings were contradictory.  R&R at 8.  He did not explicitly state that he rejected the argument.  However, citing 20 C.F.R. § 416.929(a), (c)(1), he did expressly find "that the ALJ fulfilled his obligation to determine the extent to which Plaintiff's symptoms can be accepted as consistent with the objective medical evidence and other evidence of record and to determine the extent to which the claimant's symptoms actually limit his ability to work."  R&R at 13.